Alexander E. Fraser<br>
vs. Eq. No. 10840.<br>
Walter A. Wright

January 30, 1934.

CHURCHILL, J. Heard on motion by the respondent to stay the execution of a final decree and on motion of the complainant for an order to restrain the respondent from proceeding in the Probate Court.

The complainant by a bill in equity sought to enforce the provisions of a trust created by the will of Augustus Wright. He gave certain real estate to his son Walter A. Wright in trust for his son Aaron C. Wright and provided, among other things, that at the death of Aaron the property should go to his child or issue of such deceased child, or, in default of issue, to such persons as Aaron C. Wright in his last will should appoint.

The answer sets up among other things the existence of a last will and testament of Aaron C. Wright by the terms of which the property involved was bequeathed to the respondent.

After hearing in the Superior Court on bill, answer and proof, the Court ruled that "because of the well settled rules regarding the proof of wills, especially of those claimed to have been lost or destroyed * * * the law tells us to hold that Aaron C. Wright died intestate."

A final decree dismissing the bill was entered in the Superior Court. The case then went on appeal to the Supreme Court where the decree was reversed on grounds not material to the present questions raised by the motion to stay and the motion for an injunction.

The Supreme Court directed the Superior Court to enter a decree which, among other things, commanded the respondent to convey to the complainant the property in question and such decree was entered in the Superior Court on July 12, 1932.

The moving papers set forth that since the hearing in the Supreme Court upon the entry of the decree, the respondent Wright has discovered a document purporting to be the last will and testament of Aaron Curry Wright, by the terms of which he bequeathed all his property, real, personal and mixed, of which he should be seized or possessed or over which he had any power of appointment to the respondent Walter Augustus Wright. This document, it appears, was not before either the Superior or the Supreme Courts.

The motion is supported by the evidence of three witnesses, none of whom testified in the proceedings under the bill in equity. The testimony of these three witnesses tends to identify the document as the will or a copy of the will of Aaron Curry Wright. This document has now been offered in the Probate Court for the City of Providence for allowance as the last will and testament of Aaron Curry Wright.

The respondent now asks for a stay of the proceedings under the final decree directing the respondent to convey the property to the complainant, and the complainant is moving for an injunction to prevent the respondent from probating the instrument above described.

Orderly administration and due regard for the mandate of the Supreme Court alike require that the execution of a decree entered on the order of that Court should not be stayed in this Court except upon new, meritorious grounds, supported by substantial proof and, further, upon a showing that the moving party is in danger of suffering irreparable loss if the proceedings on the decree are not stayed.

In the opinion of this Court such grounds exist in the present case.

It seems that the final decree in this case is not res adjudicata in the matter of the probate of the document now offered for probate.

*Merrill* vs. *Boal*, 47 R. I. 274.

The property involved is real estate and if the execution of the decree be now stayed there is nothing to show that irreparable loss will fall upon the complainant. On the other hand, if the respondent be denied the stay and the document should be probated as a will, the respondent will be put to an expensive course of involved proceedings to secure his rights under the will and would, in the meantime, be subjected to the danger of a sale by the complainant to a bona fide purchaser.

The complainant has urged various grounds why the motion for a stay should not be granted but these considerations can be urged with more force at a later date in other proceedings than at the present time.

The Court is of the opinion that the respondent is entitled to prosecute proceedings to probate the will and thus be given an opportunity to test the question as to what effect the probated will has under the circumstances which exist.

The motion for a stay of execution of the final decree in the above entitled case is granted and the motion for an injunction to prevent the respondent from probating the instrument in question is denied.

For complainant: Huddy & Moulton.

For respondent: Tillinghast & Collins.